IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN REINHARZ, | No. C 05-2051 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| v. | |
| MEDIAGATE, LTD, an Israeli corporation, MEDIAGATE, INC., a Delaware corporation, and MEDIAGATE, N.V., a Dutch corporation, | |
| Defendants. | |

Plaintiff Irwin Reinharz moves for a temporary restraining order enjoining Defendant Mediagate, N.V. from transferring or disposing of any assets without prior approval of the Court. To date, there is no proof of service of the complaint or of the motion. Having considered the moving papers, the Court DENIES Plaintiff's motion for a temporary restraining order because it does not appear that the Court has subject matter jurisdiction over the case.

BACKGROUND

The following facts are alleged in Plaintiff's complaint.

1  Plaintiff resides in San Francisco, California.  Mediagate, N.V.
2  is a Dutch corporation that maintains, or used to maintain,
3  headquarters in San Jose, California.  Mediagate, LTD is an
4  Israeli corporation, and Mediagate, Inc. is incorporated in
5  Delaware.  These entities together form Mediagate Group, which
6  develops advanced unified messaging and voice mail technology.

7  Plaintiff is a principal partner in MG Investments, which
8  formed in 1997 with the sole purpose of purchasing shares in
9  Mediagate, N.V.  On February 18, 1997, Mediagate, N.V. issued a
10 financing letter and initial subscription form to MG
11 Investments.  In May, 1997, Plaintiff, through MG Investments,
12 bought $313,269.60 worth of stock in Mediagate, N.V.  In August,
13 1999, Plaintiff individually invested an additional $24,403.10
14 in preferred shares in the company.  To date, Plaintiff has not
15 received stock certificates for either purchase.  On February 8,
16 2005, Mediagate, N.V. stated that it would not issue Plaintiff
17 his stock certificates because it was "winding down."

18 On May 19, 2005, Plaintiff filed his complaint alleging
19 causes of action for (1) breach of contract, (2) material
20 misrepresentation, (3) conversion, (4) fraud and (5) breach of
21 fiduciary duties.  The complaint alleges that the Court has
22 subject matter jurisdiction pursuant to Title 28 U.S.C. section
23 1332(a).  Also on May 19, Plaintiff filed this motion for a
24 temporary restraining order.

## DISCUSSION

26 Federal diversity jurisdiction is available under Title 28
27 U.S.C. section 1332(a) when the matter in controversy is between

2

citizens of different States.  A party seeking to invoke diversity jurisdiction bears the burden of establishing absolute diversity of citizenship.  <u>Dweck v. Japan CBM Corp.</u>, 877 F.2d 790, 792 (9th Cir. 1989) (internal citations omitted).  When federal subject matter jurisdiction is predicated upon diversity of citizenship, complete diversity must exist between the opposing parties.  <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978).

A corporation is deemed a citizen of both the State in which it is incorporated as well as the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, a corporation cannot be sued in federal court under diversity jurisdiction in either State where the plaintiff is a citizen of that State.  <u>Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.</u>, 465 F. 2d 489, 491-92 (9th Cir. 1972).  Section 1332(c) also applies to alien corporations.  <u>Danjaq, S.A. v. Pathe Communications Corp.</u>, 979 F.2d 772, 774 (9th Cir. 1992).  Thus, an alien corporation is considered a citizen of the foreign state in which it was incorporated, and of the State in which it maintains its principal place of business.  <u>Id.</u>

Plaintiff's complaint alleges that Mediagate, N.V. is a Dutch company with headquarters in San Jose, California.  Thus, for purposes of diversity of citizenship analysis, Mediagate, N.V. is a citizen of both The Netherlands and California.  And, Plaintiff alleges that he is a resident of San Francisco, California.  Therefore, from the face of Plaintiff's complaint, complete diversity does not exist in this case, and the Court

3

1  lacks subject matter jurisdiction to hear it.

2      Plaintiff may, as a matter of right, amend his complaint to
3  include facts that would establish subject matter jurisdiction,
4  if he can truthfully do so without contradicting the allegations
5  in his current complaint.  If Plaintiff can successfully amend
6  his complaint to establish subject matter jurisdiction, he may
7  also file again a motion for a temporary restraining order, or
8  he may file and notice for hearing a motion for a preliminary
9  injunction.  However, Plaintiff's current motion for a temporary
10 restraining order is deficient in factual support.
11 Specifically, Plaintiff does not submit evidence that he was
12 entitled to stock certificates as a result of his investments.
13 In addition, Plaintiff does not proffer evidence that Mediagate,
14 N.V. will be unable, if a temporary restraining order or
15 preliminary injunction is not issued, to redeem Plaintiff's
16 shares.  Thus, if Plaintiff wishes to file again a motion for
17 injunctive relief, he must remedy these deficiencies.

18                               CONCLUSION

19     For the foregoing reasons, Plaintiff's motion for a
20 temporary restraining order is DENIED for lack of subject matter
21 jurisdiction.

22     IT IS SO ORDERED.

23

24 Dated: 5/24/05                          /s/ CLAUDIA WILKEN
                                       CLAUDIA WILKEN
25                                      United States District Judge

26

27

28
                                 4