IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN REINHARZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIAGATE, LTD, an Israeli corporation, MEDIAGATE, INC., a Delaware corporation, and MEDIAGATE, N.V., a Dutch corporation,<br><br>    Defendants.<br>_____/ | No. C 05-2051 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

Plaintiff Irwin Reinharz moves for a temporary restraining order enjoining Defendant Mediagate, N.V. from transferring or disposing of any assets without prior approval of the Court.  To date, there is no proof of service of the initial complaint, of the first amended complaint (FAC), or of this motion.  Having considered the moving papers, the Court DENIES Plaintiff's motion for a temporary restraining order.

BACKGROUND

The following facts are alleged in the FAC.  Plaintiff resides in San Francisco, California.  Mediagate, N.V. is a Dutch corporation that maintains research facilities in Santa Clara County.  Mediagate, LTD is an Israeli corporation, and Mediagate, Inc. is incorporated in Delaware.  These entities together form Mediagate Group, which develops advanced unified messaging and voice mail technology.

Plaintiff is a principal partner in MG Investments, which formed in 1997 with the sole purpose of purchasing shares in Mediagate, N.V.  On February 18, 1997, Mediagate, N.V. issued a financing letter and initial subscription form to MG Investments.  In May, 1997, MG Investments bought $313,269.60 worth of stock in Mediagate, N.V.  In August, 1999, Plaintiff individually invested an additional $24,403.10 in preferred shares in the company.  Plaintiff has made several attempts to secure stock certificates from Mediagate, N.V. for his purchases, including hiring attorneys both in the United States and in The Netherlands.  To date, Plaintiff has not received stock certificates from the company.  On February 8, 2005, Mediagate, N.V. stated that it would not issue Plaintiff his stock certificates because it was "winding down."

On May 19, 2005, Plaintiff filed his initial complaint alleging causes of action for (1) breach of contract, (2) material misrepresentation, (3) conversion, (4) fraud and (5) breach of fiduciary duties.  Also on May 19, Plaintiff moved for a temporary restraining order.  On May 24, the Court denied Plaintiff's motion for a temporary restraining order; the Court ruled that, from the facts alleged in the complaint, it did not appear that the Court had subject matter jurisdiction. Plaintiff's initial complaint alleged that the Court had subject matter jurisdiction under Title 28 U.S.C. section 1332(a)(4), however there did not appear to be complete diversity because the complaint also alleged that Mediagate, N.V. maintained headquarters in Santa Clara County, California.  The Court also

2

1  held that the motion for a temporary restraining order was
2  deficient in factual support.  Specifically, Plaintiff had not
3  submitted any evidence that he was entitled to stock
4  certificates, or that Mediagate, N.V. would be unable to redeem
5  Plaintiff's shares if interlocutory injunctive relief was not
6  granted.
7       On June 7, 2005, Plaintiff filed the FAC and again moved
8  for a temporary restraining order.  The FAC alleges the
9  following causes of action: (1) violation of section (a)(2) of
10 the Securities Act, (2) breach of contract, (3) material
11 misrepresentation,
12 (4) conversion, (5) fraud, and (6) breach of fiduciary duty.
13 Attached to the complaint is a sworn declaration from
14 Plaintiff's counsel stating that the initial complaint erred in
15 alleging that Mediagate, N.V. still maintained headquarters in
16 California.

## LEGAL STANDARD

18      A temporary restraining order may be issued only if
19 "immediate and irreparable injury, loss, or damage will result
20 to the applicant" if the order does not issue.  Fed. R. Civ. P.
21 65(b).  To obtain a temporary retraining order, the moving party
22 must establish either: (1) a combination of probable success on
23 the merits and the possibility of irreparable harm, or (2) that
24 serious questions regarding the merits exist and the balance of
25 hardships tips sharply in the moving party's favor.  See <u>Baby</u>
26 <u>Tam & Co. v. City of Las Vegas</u>, 154 F.3d 1097, 1100 (9th Cir.
27 1998); <u>Rodeo Collection, Ltd. v. West Seventh</u>, 812 F.2d 1215,

1217 (9th Cir. 1987).

A temporary restraining order may be granted without notice to the adverse party only if it clearly appears from specific facts shown by affidavit or in the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition, and the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and/or the reasons that notice should not be required. Fed. R. Civ. P. 65(b).

The test for granting a temporary restraining order, like that for a preliminary injunction, is a "continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." Rodeo Collection, 812 F.2d at 1217 (quoting San Diego Comm. Against Registration & the Draft (Card) v. Governing Bd. of Grossmont Union High Sch. Dist., 790 F.2d 1471, 1473 n.3 (9th Cir. 1986)). The moving party ordinarily must show "a significant threat of irreparable injury," although there is "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases," United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174, 175 (9th Cir. 1987), and vice versa.

DISCUSSION

Plaintiff has failed to remedy the deficiencies in factual support that the Court identified in its order denying Plaintiff's first motion. First, Plaintiff has not submitted any evidence that he is entitled to stock certificates as a

4

result of his alleged purchases.  According to allegations in the FAC, Plaintiff did not receive a certificate after his initial purchase in May, 1997 of more than $300,000 worth of Mediagate, N.V. stock.  Nevertheless, Plaintiff purchased an additional $24,403.10 worth of stock in August, 1999, more than two years after his initial purchase.  Thus, it appears that Plaintiff himself did not believe that he was entitled to stock certificates as a result of his purchases.  The FAC does not allege when Plaintiff first requested stock certificates from Mediagate, N.V.

Plaintiff has also failed to submit evidence that Mediagate, N.V. will be unable to redeem his shares if interlocutory injunctive relief is not granted.  The FAC does allege that a Mediagate, N.V. representative informed Plaintiff, in February, 2005, that the company was "winding down."  However, there is no evidence of when, or even if, Mediagate, N.V. will become insolvent, or that the company would be unable adequately to compensate Plaintiff if it were forced to declare bankruptcy.

Moreover, Plaintiff's counsel has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of this motion or the FAC to Mediagate, N.V., which is required by Federal Rule of Civil Procedure 65(b).  There is no evidence that, to date, any Defendant has been served with any pleading or document in this case.

For the foregoing reasons, Plaintiff's motion for a temporary restraining order must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order (Docket No. 7) is DENIED.

IT IS SO ORDERED.

Dated: 6/14/05               /s/ CLAUDIA WILKEN
                             CLAUDIA WILKEN
                             United States District Judge